# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ERNESTO MONELL, JR.,** | : | Civil No. 3:19-cv-2059 |
| **Petitioner** | : | |
| | : | (Judge Munley) |
| v. | : | |
| **UNITED STATES OF AMERICA,** | : | |
| **Respondent** | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## MEMORANDUM

Petitioner Ernesto Monell, Jr. ("Petitioner") filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 on December 3, 2019, challenging his May 3, 2018, judgment and sentence entered in the United States District Court for the District of Massachusetts. (Doc. 1).

The Court undertakes preliminary review pursuant to Rules 1 and 4 of the Rules Governing Habeas Corpus Cases under § 2254. Rule 4 provides "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." See R. Governing § 2254 Cases R.4. These rules are applicable to petitions under 28 U.S.C. § 2241 in the discretion of the court. Id. at R.1(b).

For the reasons set forth below, the Court will dismiss the petition for lack of jurisdiction.

## I. Background

According to the electronic docket, on May 3, 2018, the United States District Court for the District of Massachusetts entered an Amended Judgment in the matter of United States of America v. Ernesto Monell, 1:12-cr-10187-01-FDS (Doc. 359), sentencing Petitioner to a total term of imprisonment of 192 months, which term consists of 192 months on Count 2, 18 U.S.C. § 922(g)(1) Felon in Possession of a Firearm, and 120 months on Count 1, 21 U.S.C. § 844(1)(a), Possession of Cocaine Base with Intent to Distribute, to be served concurrently.

On September 30, 2019, The United States Court of Appeals for the First Circuit affirmed the Judgment of Sentence. See electronic docket, United States v. Ernesto Monell, Case 18-1434, Document 00117495810.

Petitioner filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 on December 3, 2019.

## II. Discussion

Petitioner seeks "to dismiss the 18 U.S.C. 922(g)(1) felon in possession of firearm and ammunition based on the new ruling and intervening change of law on the Rehaif v. United States Supreme Court ruling." (Doc. 1, p. 8). Rehaif, held that "in a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." Rehaif v. United States, ⎯⎯ U.S.

—, 139 S. Ct. 2191, 2200 (2019).  Petitioner contends that it would be a miscarriage of justice not to grant him relief pursuant to 28 U.S.C. § 2241.  (Doc. 2, p. 4).

Challenges to the legality of federal convictions or sentences that are allegedly in violation of the Constitution may generally be brought only in the district of sentencing pursuant to 28 U.S.C. § 2255.  Okereke v. United States, 307 F.3d 117 (3d Cir. 2002) (citing Davis v. United States, 417 U.S. 333, 342 (1974)); see In re Dorsainvil, 119 F.3d 245 (3d Cir. 1997).  Petitioner files the instant § 2241 petition seeking to challenge the legality of his conviction and sentence.  A petitioner may only resort to a § 2241 petition in the unusual situation where the remedy by motion under § 2255 would be inadequate or ineffective.  See 28 U.S.C. § 2255; see Dorsainvil, 119 F.3d at 251-52.  Importantly, §2255 is not "inadequate or ineffective" merely because the sentencing court has previously denied relief.  See id. at 251.  Nor do legislative limitations, such as statutes of limitation or gatekeeping provisions, placed on § 2255 proceedings render the remedy inadequate or ineffective so as to authorize pursuit of a habeas corpus petition in this court.  Cradle v. United States, 290 F.3d 536, 539 (3d Cir. 2002); United States v. Brooks, 230 F.3d 643, 647 (3d Cir. 2000); Dorsainvil, 119 F.3d at 251.).

"Our Circuit permits access to § 2241 when two conditions are satisfied: First, a prisoner must assert a 'claim of 'actual innocence' on the theory that 'he is being detained for conduct that has subsequently been rendered non-criminal by an intervening Supreme Court decision' and our own precedent construing an intervening Supreme

Court decision'—in other words, when there is a change in statutory caselaw that applies retroactively in cases on collateral review. Tyler, 732 F.3d at 246 (quoting Dorsainvil, 119 F.3d at 252). And second, the prisoner must be 'otherwise barred from challenging the legality of the conviction under § 2255.' Id. Stated differently, the prisoner has 'had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate.' Dorsainvil, 119 F.3d at 251. It matters not whether the prisoner's claim was viable under circuit precedent as it existed at the time of his direct appeal and initial § 2255 motion. What matters is that the prisoner has had no earlier opportunity to test the legality of his detention since the intervening Supreme Court decision issued." Bruce v. Warden Lewisburg USP, 868 F.3d 170, 180 (3d Cir. 2017).

The remedy afforded under § 2241 is not an additional, alternative, or supplemental remedy to that prescribed under § 2255. Petitioner has not yet pursued relief in the sentencing court *via* § 2255 and he fails to demonstrate that he is barred from challenging the legality of the conviction under that provision. If a petitioner improperly challenges a federal conviction or sentence under § 2241, as is the case here, the petition must be dismissed for lack of jurisdiction. Cradle, 290 F.3d at 539. The dismissal is without prejudice to Petitioner's right to seek relief in the sentencing court pursuant to 28 U.S.C. § 2255.

## III. Conclusion

For the reasons set forth above, the Court will dismiss the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

A separate Order will enter.

                              **BY THE COURT:**

                              **s/James M. Munley**
                              **JUDGE JAMES M. MUNLEY**
                              **United States District Court**

**Dated:** January 29, 2020